

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-26,945-03 AND WR-26,945-05

EX PARTE CHARLES LEE STRICKLAND, Applicant

ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 89-CR-00001284-A IN THE 107TH DISTRICT COURT AND 90-CR-00000202-B IN THE 138TH DISTRICT COURT
FROM CAMERON COUNTY

*Per curiam*.

# O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged in the -03 case with burglary of a habitation with two prior felony convictions, and in the -05 case with aggravated robbery with two prior felony convictions. Applicant pleaded guilty in the -03 case to burglary of a habitation in exchange for a twenty-five year sentence, and pleaded guilty in the -05 case to the lesser included offense of robbery in exchange for a thirty-five year sentence. He did not appeal these convictions.

Applicant contends, among other things, that his plea agreement in the -03 case was breached, because a term of the plea agreement was that his sentence in that case would run concurrently with sentences arising from other cases pending at the D.A.'s office "involving aggravated robbery and kidnapping." Although the State argues that this agreement may not have applied specifically to the -05 charge, the -05 charge did originally involve aggravated robbery, and was one of the cases pending at that time in the D.A.'s office.

The State also argues that Applicant had the opportunity to object to the cumulation of the sentences when he was sentenced in the -05 case. However, Applicant alleges that when he was sentenced in the -05 case, the trial court did not orally pronounce that his sentence in that case would run consecutively with the sentence in the -03 case. The written judgment and docket sheet in the -05 case reflect that thirty-five year sentence in that case would run consecutively with the sentence in the -03 case. Applicant alleges that he was not present when the written judgment in the -05 case was signed, and was not aware that it contained a cumulation order.

The State argues that Applicant's claims should be barred by the doctrine of laches. However, Applicant presents evidence showing that until 2013, Applicant's sentences were being treated by TDCJ as concurrent sentences. It was not until 2013 that the cumulation order was "discovered" by TDCJ, and that Applicant's sentences were re-calculated to reflect consecutive sentences. Until 2013, therefore, Applicant would not have known of the problem of which he now complains if, as he says, he was not aware of the cumulation order at the time of his sentencing in the -05 case.

Applicant also alleges in both cases that his trial counsel was ineffective for advising Applicant as to the incorrect punishment ranges for both charges. The indictments in both cases

contained the same two prior convictions alleged as enhancements. Although the judgment in the -03 case does not reflect any plea to or findings on the enhancement allegations, the plea documents show that Applicant was admonished as to the punishment range for a habitual felony offender. The record in the -05 case shows that Applicant pleaded guilty to the lesser-included offense of robbery, but that he was again admonished as to the punishment range for a habitual felony offense, that he pleaded "true" to two prior felony convictions, and that both prior felony convictions were found to be true by the trial court. The record indicates, however, that the first prior felony conviction alleged in both indictments final before the second prior felony was committed, and could not therefore have supported habitual felony punishment range.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. Although Applicant's trial counsel is retired, he is shown on the State Bar website as still eligible to practice law in Texas. The trial courts shall ask trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial courts may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial courts may rely on their personal recollection. *Id*.

If the trial courts elect to hold a hearing, they shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial courts shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial courts shall supplement the habeas record with transcriptions of the plea proceedings in both cases, if such transcripts exist or can be prepared. The trial courts shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea agreement was

breached. The trial courts shall also make findings of fact as to whether, at the time of his pleas in these cases, Applicant had other prior felony conviction which could have been properly used to enhance his punishment range in both cases to that of a habitual felony offense. The trial courts shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial courts shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: December 16, 2015
Do not publish